KORN, Respondent, v. JERSEY CITY GALVANIZING CO., Appellant. (Supreme Court, Appellate Term. June, 1902.) Action by Abraham Korn against the Jersey City Galvanizing Company. P. Q. Eckerson, for appellant. C. Joseph, for respondent.

PER CURIAM. The plaintiff, accompanied by his wife, baby, and mother-in-law, was driving up Broadway with a horse and surrey he had hired from a liveryman named Dagges. At Maiden Lane and Cortlandt street there was a collision between the surrey in which the plaintiff was riding and a horse and truck belonging to defendant. The plaintiff and his wife, Fanny Korn, each brought an action to recover damages from defendant for the injuries sustained in this accident. It was agreed upon the trial that the two actions should be consolidated and tried as one. The pleadings are oral. The complaint contains the complaint of Abraham Korn only, and it states that the damages are for negligence. The answer was a general denial and a demand for a bill of particulars. The evidence on the question of the alleged negligence of the defendant and of the freedom of plaintiff from contributory negligence was sufficient to warrant their submission to the jury. The record, however, abounds in errors consisting of the admission of illegal and improper testimony upon the question of damages. Much of this improper testimony was received without objection, and in many instances, where objection was made, no grounds were stated. The plaintiff was allowed to show, as elements of damage for which he was entitled to recover, the reasonable value of the repairs made necessary by the injuries to the surrey, the reasonable cost to the liveryman, Dagges, of hiring a carriage to take the place of the surrey while it was being repaired, and what it cost Dagges for treatment of the alleged injuries to his horse. Plaintiff was al-

lowed to state that he told the liveryman to have the wagon repaired, and that he (plaintiff) was responsible therefor. It does not appear from the record that these various items were paid by the plaintiff. When the liveryman, Dagges, was on the stand, he was allowed to state, under the defendant's objection and exception, that he paid $6 for the treatment of the horse. There was evidence tending to show that the repairs to the surrey amounted to $39, and that the carriage hire to replace the aforesaid amounted to $15. These alleged damages, amounting to $60, the jury were allowed to consider in estimating the damages sustained by the plaintiff. The plaintiff may, or may not, have been responsible to Dagges, the owner of the horse and vehicle, for the damages in question. If the accident was due to plaintiff's negligence, he might be liable for the same. Since it does not appear that the plaintiff paid the owner for these damages, nor that he was necessarily responsible therefor, they were certainly not a proper element of damage to go to the jury in these actions. To what extent these particular claims were allowed by the jury in making up the award, which was for $300, it is impossible to say. Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

